Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representative, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with some modification.
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties by Pretrial Agreement as:
 STIPULATIONS
1. Medical records marked as Stipulated Exhibit 1 were received into evidence.
2. By Order dated 26 October 1995, the Commission ruled that plaintiffs injury of 12 March 1994 was compensable and ordered defendant to pay all medical expenses pursuant to and in accordance with G.S. 97-25.
 ***********
Based upon the stipulations as well as all the competent evidence in the record, the Full Commission makes the following:
FINDINGS OF FACT
1. Daniel E. Gooding, M.D., an anesthesiologist who specializes in pain care, has recommended a dorsal column stimulator for plaintiff. Dr. Gooding began discussing the stimulator with plaintiff in March 1998. The dorsal column stimulator is intended to decrease the amount of medication plaintiff is required to take, reduce any side effects, and provide better pain control. Plaintiff has been determined to be a good candidate for placement of the dorsal column stimulator, with an estimated 50 to 75 percent chance for significant improvement with use of this device.
2. Dr. Gooding sought authorization for treatment from defendant in November or December of 1998. Defendant initially failed to respond to Dr. Goodings request for authorization. After plaintiff filed for a hearing before a deputy commissioner in March 1999, defendant responded by Form 33R Response that treatment with a dorsal column stimulator was not reasonable and necessary. Defendant has not sought an independent medical evaluation of plaintiff.
3. Plaintiff has undergone four surgeries to his back since his injury on 12 March 1994. Bruce V. Darden, II, M.D., an orthopedic specialist, performed plaintiffs four back surgeries and referred plaintiff to Dr. Gooding in January 1998. Dr. Darden does not specialize in pain care or dorsal column stimulators. Dr. Darden testified at his deposition that implantation of the dorsal column stimulator would be reasonable if Dr. Gooding recommended it for plaintiff.
4. Prior to recommendation of the stimulator surgery, Dr. Gooding treated plaintiff with a variety of conservative measures, including steroid injections, a TENS unit, and various narcotic medications. Plaintiff was unable to tolerate many of the long-term narcotics prescribed for him at the pain center.
5. Defendant has not offered any medical evidence contradicting Dr. Goodings deposition testimony that the stimulator is reasonable and necessary for plaintiffs pain control. Defendant has not presented any evidence to support denial of treatment with the dorsal column stimulator. Defendants denial of this recommended treatment after the depositions from Dr. Gooding and Dr. Darden was without reasonable ground. As a result of defendants unreasonable denial of treatment, plaintiff has incurred reasonable attorneys fees in the amount of $200.00.
 *********** CONCLUSIONS OF LAW
1. Plaintiff has proven by the greater weight of the evidence that he is entitled to receive a trial period of dorsal column stimulator and permanent placement if the trial period is successful. Such treatment is reasonably necessary to effect a cure, give relief, and lessen plaintiffs period of disability. G.S. 92-2(19), 97-25.
2. Plaintiff is entitled to a reasonable attorneys fee as a result of defendants unfounded litigiousness. G.S. 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay for the trial period and eventual permanent placement, if appropriate, of the dorsal column stimulator, as recommended by Dr. Daniel Gooding. Defendant shall pay for all reasonable treatment recommended by Dr. Daniel Gooding or any other physician at the Presbyterian Pain Center that tends to effect a cure, give relief, or lessen plaintiffs period of disability.
2. Defendant shall approve the treatment for the dorsal column stimulator within ten (10) days of this Order. A copy of this approval shall be mailed to the undersigned and to Dr.Darden. A letter of authorization from defendant to Presbyterian Pain Center authorizing payment for plaintiffs surgery shall constitute compliance with this Order.
3. Defendant shall pay plaintiffs counsel a reasonable attorneys fee of $200.00, pursuant to G.S. 97-88.1.
4. Defendant shall pay the costs.
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/ CHRISTOPHER SCOTT COMMISSIONER